IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN J. SNIDER and MARY A. SNIDER, husband and wife,<br><br>    Plaintiffs/Counterdefendants,<br><br>v.<br><br>RONALD D. ARNOLD and DOROTHY A. ARNOLD, Husband and Wife,<br><br>    Defendants/Counterclaimants. | Case No. CV 09-684-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  The Court has before it Plaintiffs' Motion to Remand. (Docket No. 6.) Having reviewed the record in this case, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1. Further, the Court finds, as more fully explained below, that Plaintiffs' Motion to Remand should be granted.

## I. Introduction

  Plaintiff Mary A. Snider and Defendant Ronald A. Arnold are siblings. In 1956, their father, Francis Arnold, acquired a Special Use Permit from the United States Forest Service

**MEMORANDUM DECISION AND ORDER - 1**

("USFS") to build a summer home on a half acre piece of property in Valley County.  When Francis Arnold died, the cabin was given to his wife Bette Marie Arnold.  In 1983, Bette Arnold attempted to convey the Special Use Permit to Steven and Marie Snider ("Plaintiffs") and Ronald and Dorothy Arnold ("Defendants") to "share and share alike."  The District Ranger for the USFS sent a letter to Defendant Ronald Arnold, indicating that due to a new USFS policy, the Special Use Permit could not be issued in both marital community names.  As a result, Plaintiffs and Defendants agreed to have the Special Use Permit placed in the names of Defendants, allegedly with the understanding that they were holding it for the mutual benefit of the Plaintiffs as well.  (Answer Exh. E, Docket No. 2.)  The District Ranger suggested that perhaps the problem could be solved by "some type of legal document which shows that more than one person has an interest in the cabin."  (Answer Exh. E, Docket No. 2.)  There is no evidence in the record before the Court that any such document was created.

Over the next several years, Plaintiffs allegedly shared in the cost of maintaining and improving the property including  payments to the USFS.  According to Plaintiffs, Defendants recently took the position that the Special Use Permit and all of the personal property located on the land belongs exclusively to Defendants.  Defendants contend that Plaintiffs have the right to continue to share the use of the premises during their lifetimes, but without any ownership interest.  Based on the foregoing, Plaintiffs filed the current action in state district court in Valley County on November 27, 2009, requesting the court to declare that Plaintiffs own a one half interest in the Special Use Permit, the cabin, and the other improvements and personal property situated on the subject premises, based upon their claims of  resulting trust, quasi estoppel, unjust enrichment and implied contract.  Plaintiffs are requesting that the court order the parties to

create an entity suitable to allow both parties to hold title for the mutual benefit of themselves and their heirs, or that the Special Use Permit and property be sold at auction with the proceeds distributed equally among the parties.

Defendants filed a notice of removal on December 30, 2009, removing this action from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Valley. (Docket No. 1.)  The notice of removal is based upon the Court allegedly having federal question jurisdiction over the subject matter of the action.   Plaintiffs filed a Motion to Remand on January 26, 2010, contending that the Court does not have federal question jurisdiction over the action because their claims are based entirely upon state law.

## II. Discussion

Under 28 U.S.C. § 1441, a defendant may remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction when the action first commenced.  In federal court, original jurisdiction exists over "all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1330.[1]  Generally, to determine whether an action "arises under" federal law, courts look to the "well-pleaded complaint" rule. *Moore-Thomas v. Alaska Airlines*, 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  Under this rule, federal subject matter jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

There is another longstanding variety of "arising under" jurisdiction over state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal

---

[1] There is no basis to assert diversity jurisdiction, because both Plaintiffs and Defendants reside in Idaho.

**MEMORANDUM DECISION AND ORDER - 3**

forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).  However, this holding has been limited.  *See Empire Healthchoice Assurance, Inc v. McVeigh*, 547 U.S. 677, 700 (2006) (distinguishing a finding of federal question jurisdiction in *Grable* on the grounds that the federal question in *Grable* was dispositive of the entire case and presented a pure issue of law).   As noted by the Defendants, the proper standard for determining whether a state law claim presents a federal question appears to be "whether the embedded federal question in a plaintiff's claim presents a pure question of federal law that will be dispositive of the entire suit."  *Centurytel of Fairwater- Brandon-Alto LLC v. Charter Fiberlink LLC* 588 F.Supp.2d 968, 973 (W.D. Wisc. 2008) *discussing Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700.

   28 U.S.C. § 1447(c) permits a party to challenge the propriety of removal by seeking remand.[2] "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Any doubt in regard to the removed action means that "the defendant always has the burden of establishing that removal is proper."  *Id*.

   Defendants contend removal is proper in this case because the state law claims necessarily raise federal issues, and resolution of these federal issues will be dispositive of the entire lawsuit. Specifically, Defendants argue that, to determine Plaintiffs' ownership interest in the Special Use Permit, the Court will be required to construe and potentially modify the terms

---

[2] 28 U.S.C. § 1447(c) states in pertinent part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."

**MEMORANDUM DECISION AND ORDER - 4**

of the Special Use Permit license which was issued pursuant to federal law and which can be reviewed only under the procedures set forth in federal regulations.[3] Defendants argue that a determination as to whether the federal license is enforceable during its terms will be dispositive because, by its terms, the federal license was issued to the Defendants as owners, the license is non transferable, and it is terminable upon change in ownership. The Special Use Permit states, "[t]his permit is nontransferable. A purchaser or transferee of the recreation residence covered by this permit must apply for and obtain a new permit from the Forest Service." (Objection p. 4, Docket No. 7.) Plaintiffs reply that they are not seeking an interpretation of the Special Use Permit and are not seeking to assert any rights under it that may affect the meaning of its terms.[4] Instead, Plaintiffs contend that they are seeking a remedy that complies with the terms of the permit and USFS policies.

The Court finds Plaintiffs' position persuasive. The Complaint asks the Court to determine, under state law theories, whether Plaintiffs have an ownership interest in the Special Use Permit itself or any of the property located on the land that is subject to the terms of the Special Use Permit. This inquiry is not dependent on the terms of the Special Use Permit. Instead, the terms of the Special Use Permit apply only if and when a court determines that the

---

[3] Paragraph IV.A of the Special Use Permit states: "This permit, which is revocable and terminable, is not a contract or a lease but rather a federal licence. The benefits and requirements conferred by this authorization are reviewable solely under the procedures set forth in 36 C.F.R. Part 251, Subpt C, and 5 U.S.C. 704."

[4] Defendants contend that Plaintiff's are alleging they are third party beneficiaries of the Special Use Permit, a possibility foreclosed by the terms of the Special User Permit which states: "The signatories of this permit do not intend to confer any rights on any third party as a beneficiary under this permit." (Opposition, p. 4, Docket No. 7.) Plaintiffs argue they are not seeking third party beneficiary status, simply a determination of whether they have an ownership interest in the Special Use Permit.

**MEMORANDUM DECISION AND ORDER - 5**

Plaintiffs have an ownership interest in the property.  Therefore, the Court finds that Defendants have not met their burden of proving that an interpretation of the Special Use Permit would be dispositive of the entire action or that Plaintiffs' claims to interest in the Special Use Permit present questions of federal law.  Therefore, this case must be remanded to state court.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that:

1) This action is remanded to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Valley for all further proceedings.

2) The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.



DATED: May 19, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge